TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division
DAVID Y. PI (Cal. Bar No. 337432)
Assistant United States Attorney
Deputy Chief, Major Frauds Section
1100 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-3659
Facsimile: (213) 894-6269
E-mail: david.pi@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN CARBAJAL,<br><br>Defendant. | No. 5:26-CR-00065-KK<br><br><u>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u><br><br>**CURRENT TRIAL DATE:** 07/20/26<br>**PROPOSED TRIAL DATE:** 11/30/26 |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney David Y. Pi, and defendant MARTIN CARBAJAL ("defendant"), both individually and by and through his counsel of record, Sandra R. Brown-Bodner, hereby stipulate as follows:

1. The Indictment in this case was filed on April 14, 2026. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on May 27, 2026. The

Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before August 5, 2026.

2. On May 27, 2026, the Court set a trial date of July 20, 2026, and a status conference of July 9, 2026.

3. Defendant is released on bond pending trial. The parties estimate that the trial in this matter will last approximately five days.

4. By this stipulation, defendant moves, and the government concurs, to continue the trial date to November 30, 2026, at 8:30 a.m., and the status conference to November 19, 2026, at 1:30 p.m. This is the first request for a continuance.

5. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a. Defendant is charged with a violation of Making and Subscribing to a False Tax Return: 26 U.S.C. § 7206(1). The government has, to date, produced discovery to the defense, including 9,642 pages of reports, business records, and tax records.

b. Defense counsel is presently scheduled to be in trial on September 22, 2026, a single-defendant tax trial in U.S. v. Armik Aghakhani, 2:24-CR-440-DMG, which is estimated to last approximately one week. Defense counsel is also scheduled to prepare for and appear in sentencings on July 16, 2026, in U.S. v. Steven Loo, 2:24-cr-00072-LK-1 (W.D. WA) and an under-seal sentencing hearing on November 9, 2026, in this district. Accordingly, counsel represents that she will not have the time that she believes is necessary to prepare to try this case on the current trial date.

c. In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny her reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

e. The government concurs with the requested continuance.

f. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

6. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period from the date the Court enters an order continuing trial to November 30, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in

a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: June 15, 2026

Respectfully submitted,

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

JENNIFER L. WAIER
Chief Assistant United States Attorney & Chief, Criminal Division

/s/
DAVID Y. PI
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am MARTIN CARBAJAL’s attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and

agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than November 30, 2026, is an informed and voluntary one.

6/16/2026

SANDRA R. BROWN-BODNER
Attorney for Defendant
MARTIN CARBAJAL

Date

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than November 30, 2026. I understand that I will be ordered to appear in Courtroom 3 of the Federal Courthouse, 3470 Twelfth Street, Riverside, California, on November 19, 2026, at 1:30 p.m. for a status conference, and on November 30, 2026, at 8:30 a.m. for trial.

6/16/2026

MARTIN CARBAJAL
Defendant

Date